[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14877
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00092-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERRONTA LAVON JACKSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 1, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ferronta Jackson appeals his 120-month sentence imposed after he pleaded

guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C.

§ 922(g).  He argues the district court improperly took into account conduct not charged in the indictment in arriving at his base offense level under the Sentencing Guidelines.  After thorough review, we affirm.

In February 2011, federal and state law enforcement agents began a sting operation in Pensacola, Florida.  Agents operated a pawn shop, called Anything for a Buck, and encouraged patrons to sell the shop firearms and contraband.  In October 2011, Jackson, a convicted felon, sold a stolen .40 caliber pistol to agents at the shop.  A grand jury indicted Jackson only for this conduct.  But Jackson had visited Anything for a Buck before.  In July, Jackson told agents at the shop that his friend had a sawed-off shotgun and was looking to sell it.  Agents promised Jackson a $50 "finder's fee" if his friend would sell the shotgun to the shop.  Jackson agreed and brokered the sale.

Before Jackson's sentencing, the probation office prepared a presentence investigation report (PSI) listing as "offense conduct" all of Jackson's transactions with Anything for a Buck, including the sawed-off shotgun sale not mentioned in the indictment.  Because he brokered the sale of a sawed-off shotgun, the PSI determined Jackson's base offense level under U.S.S.G. § 2K2.1(a)(1)(ii), which provides for a level 26 "if . . . the offense involved" a gun defined in 26 U.S.C. § 5845(a), including a sawed-off shotgun.  At sentencing, Jackson objected to the use of § 2K2.1(a)(1)(ii) to set his base offense level because the sawed-off shotgun

2

deal was not charged in the indictment. According to Jackson, his base offense level should have been 20, which would have yielded a guidelines range of 70 to 87 months' imprisonment. The district court overruled his objection and determined his guidelines range was 130 to 162 months' imprisonment. Under 18 U.S.C. § 924(a)(2), however, Jackson faced a statutory maximum of 120 months' imprisonment. This became his guidelines range and, ultimately, his sentence. After sentencing, Jackson appealed.

We review questions of law arising under the guidelines *de novo*. *United States v. Williams*, 431 F.3d 767, 769 (11th Cir. 2005). The base offense level for a § 922(g) crime is 26 if "the offense involved" a sawed-off shotgun. U.S.S.G. § 2K2.1(a)(1)(ii); *see* 26 U.S.C. § 5845(a). Guidelines commentary defines "offense" as "the offense of conviction *and all relevant conduct* under § 1B1.3 unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1, cmt. (n.1(H)) (emphasis added). Further, "[u]nless otherwise specified," a defendant's base offense level should account for "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . ." *Id.* § 1B1.3(a)(1)(A).

Jackson contends that § 2K2.1(a) "otherwise specifie[s]" the conduct on which his base offense level should be calculated. *Id.* He argues this conduct should be restricted to that charged in the indictment, which did not include the

3

shotgun, arguing that section's use of the restrictive term "the" qualifies the word "offense." *Id.* § 2K2.1(a). We do not agree. The guidelines commentary defines "offense" as "the offense of conviction" as well as "all relevant conduct . . . ." *Id.* § 1B1.1, cmt. (n.1(H)). If the Sentencing Commission intended § 2K2.1(a) to be limited to the offense of conviction, it would have used that language, rather than the more general term "offense." Because a more limited definition of offense is not "specified" in § 2K2.1(a), the district court correctly concluded that Jackson's base offense level should be determined based on "the offense of conviction and all relevant conduct . . . ." *Id.* And Jackson does not argue his brokerage of the shotgun was not relevant conduct. The district court was therefore correct in setting Jackson's base offense level at 26.

**AFFIRMED.**